IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRUSTGARD INSURANCE COMPANY,

    Plaintiff,

        v.

AMBER CAMPBELL *and*, DAVID
CAMPBELL *individually and as parents and
natural guardians of G.C., a minor, and*
DAVID CAMPBELL *Administrator of the
Estate of A.L.C., a deceased minor,*

    Defendant.

16cv1013
ELECTRONICALLY FILED

**MEMORANDUM OPINION RE:**
**PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 50 and 57)**

This is an insurance coverage dispute regarding a motor vehicle insurance policy issued by Plaintiff/Counterclaim Defendant Trustgard Insurance Company (hereinafter "Trustgard") to Defendants/Counterclaim Plaintiffs Amber and David Campbell (hereinafter the "Campbells").

Trustgard initiated this lawsuit by seeking a declaratory judgment that it was not obligated to provide stacked UIM coverage to the Campbells. Doc. No. 1. The Campbells filed an Answer and Counterclaims for a declaratory judgment that Trustgard is obligated to provide the stacked UIM coverage and for statutory bad faith. Doc. No. 13. Trustgard then filed a Motion to Dismiss the bad faith claim or, in the alternative, to bifurcate, (doc. no. 15), which the Court denied on September 30, 2016. Doc. No. 22. It appearing to the Court from those filings that the material factual issues regarding the Parties' cross-claims for declaratory judgment regarding UIM coverage were not in dispute, the Court ordered the Parties to file Motions for Summary Judgment. *Id.*

## I. Brief Statement of Undisputed Facts

The following material facts are undisputed by the Parties.[1] Trustgard issued a policy of motor vehicle insurance to the Campbells. Doc. No. 61 ¶ 1. Trustgard and the Campbells filed claims for declaratory judgment against each other pertaining to the Underinsured Motorists (UIM) coverage under the policy. ¶¶ 4-5. The Parties claims for declaratory judgment were decided on cross-motions for summary judgment by the Court on October 17, 2016. ¶ 46, citing Doc. No. 46. The Court found that the Campbell's Escalade vehicle was added to the insurance policy by endorsement and not the "newly acquired vehicle" clause and that therefore the UIM coverage should be stacked to provide policy limits in the amount of one hundred thousand dollars ($100,000.00) per person and two hundred thousand dollars ($200,000.00) per accident. Doc. Nos. 46, 47.

Prior to filing their respective claims for declaratory judgment, the Parties exchanged several letters setting forth their legal positions regarding the stacking of UIM coverage under the policy. Doc. No. 61, ¶¶ 24-38. Through their letters to Trustgard citing legal authorities, the Campbells consistently stated that the Escalade vehicle at issue was added to the policy by endorsement, that Trustgard was required to seek a stacking waiver from the Campbells when the Escalade was added to the policy, and that, because no waiver was obtained, the Campbells were therefore entitled to stacked UIM benefits. ¶¶ 24-26; 30-33; 37-38. In its responses to the Campbells also citing legal authorities, Trustgard asserted that the Escalade was added to the policy by the "newly acquired vehicle" clause, that a stacking waiver was not needed, and that

---

[1] Both Parties acknowledged at the October 20, 2016 initial case management conference that there were no disputed issues of fact and that, following the Court's decision regarding the Parties' declaratory judgment claims (doc. no. 46), the Campbells' statutory bad faith claim was also ripe for summary judgment. *See* Text Minute Entry on October 20, 2016.

the Campbells were not entitled to stacked UIM benefits. ¶¶ 27-29; 34-36. The Parties have maintained those positions throughout this lawsuit.

## II. Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

The Parties have filed cross motions for summary judgment. It is well established within the Third Circuit that the filing of cross motions for summary judgment "does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299, 310 (3d Cir. 2008), quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968).

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may [award interest, punitive damages, costs and attorney fees]." 42 Pa. Cons. Stat. Ann. § 8371. To prevail on a statutory bad faith claim, an insured must show by clear and convincing evidence that an insurer did not have a reasonable basis for denying benefits under a policy and either knew or recklessly disregarded its lack of a

reasonable basis in denying benefits. *Shaffer v. State Farm Mut. Auto. Ins. Co.*, 643 Fed. App'x 201, 204 (3d Cir. 2016).

**III. Discussion**

The basis for the Campbells' statutory bad faith claim against Trustgard rests solely upon a dispute between the Parties concerning the proper interpretation of several cases following the *Sackett Trilogy* regarding when an insurer is obligated to provide stacked uninsured motorist and underinsured motorist ("UM/UIM") benefits to an insured pursuant to 75 Pa. C.S. § 1738(a). *See Sackett v. Nationwide Mutual Ins. Co.*, 919 A.2d 194 (Pa. 2007) ("*Sackett I*"); *Sackett v. Nationwide Mutual Ins. Co.*, 940 A.2d 329 (Pa. 2007) ("*Sackett II*"); and *Sackett v. Nationwide Mutual Ins. Co.*, 4 A.3d 637 (Pa. Super. Ct. 2010) ("*Sackett III*"). The Campbells argue that Trustgard's denial of stacked UIM benefits was unreasonable - - and therefore bad faith - - because the only reasonable interpretation of the policy and analysis of the legal precedents would have resulted in payment of stacked benefits.

Although the Court agreed that the Campbells were entitled to stacked UIM benefits, the Court does not find that Trustgard's legal position was unreasonable. *See* Doc. No. 46, FN 1 ("the law governing the waiver of stacked UM/UIM coverage is far from settled."); *see also Kline v. Travelers Pers. Sec. Ins. Co.*, 2016 U.S. Dist. LEXIS 74401 (M.D. Pa. May 10, 2016) (federal district court declined to exercise declaratory judgment action jurisdiction to resolve action regarding UM/UIM stacking because of the "developing nature of state law.").

The crux of the Parties' disagreement - - whether the Escalade was added to the Campbells' policy by endorsement or by the "newly acquired vehicle" clause of the policy - - was resolved in the Campbells' favor by this Court, but the authority for both Parties' positions was reasonably supported by the cases they respectively cited. Although *Sackett III* and a more

4

recent case, *Toner v. Travelers Home and Marine Ins. Co.*, 137 A.3d 583 (Pa. Super. Ct. 2016), characterize "newly acquired vehicle" clauses as stopgap measures that protect an insured during a "contractual grace period," other courts have cited the Pennsylvania Insurance Commissioner's position that vehicles generally are added to existing policies via "newly acquired vehicle" clauses. *State Auto Property & Cas. Ins. Co. v. Pro Design, P.C.*, 566 F.3d 86 (3d Cir. 2009); *Seiple*, 568 Fed. App'x 183, 187 (3d Cir. 2014). Further, as noted in the Court's previous Memorandum Opinion, the Pennsylvania Supreme Court has recently granted allocator in the *Toner* case to decide whether an insured who signed a UM/UIM stacking waiver at the inception of a single vehicle policy was entitled to stacked benefits because the insurer failed to obtain stacking waivers when second and third vehicles were added to the policy. 170 WAL 2016 (Pa. Sept. 8, 2016).

Under these circumstances, the Court cannot find that Trustgard's position in denying stacked benefits to the Campbells was bad faith.

**IV. Conclusion**

Accordingly, Trustgard's Motion for Summary Judgment, doc. no. 50, is GRANTED; the Campbells' Motion for Summary Judgment, doc. no. 57, is DENIED.

SO ORDERED this 28th day of November, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge